IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MARGARET G. BROOKS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES, et al.,<br><br>Defendants. | CV 25-47-H-JTJ<br><br><br>ORDER |

Plaintiff Margaret G. Brooks ("Brooks") has filed a Complaint alleging a violation of her constitutional rights under 42 U.S.C § 1983. (Doc. 1). Brooks has filed a motion to appoint counsel and a motion to proceed in forma pauperis. (Docs. 2 and 5). Brooks' Complaint fails to state a claim for relief and, therefore, will be dismissed. The Court will grant Brooks the opportunity to amend her Complaint.

## I. STATEMENT OF THE CASE

### A.   Parties

Brooks is a resident of Bozeman, Montana. (Doc.1 at 2). Brooks names as Defendants Willima M. Duffy, her ex-husband, and several other people employed by governmental entities or private companies that she alleges directly or indirectly assisted Duffy in violating her constitutional rights. (Id. at pp. 3–7).

1

### B. Allegations

Brooks' Complaint alleges that following her divorce from Defendant William Duffy (Duffy) in June of 2011, Duffy, along with officials from Cook County, Illinois and Olmsted County, Minnesota, "acted under the color of state law repeatedly scapegoating crimes to me and my children." (Id. at p. 4). Brooks contends these actions constituted medical fraud and abuse of power throughout Cook County, Illinois and Olmsted County, Minnesota, along with slander and defamation. (Id). Brooks requests $5,000,000 in damages. (Id. at p. 5).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Brooks is a civil plaintiff proceeding in forma pauperis, so the Court must review Brooks's Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (citing Fed. R. Civ. P. 8(a)(2)). "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); cf. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Brooks alleges a claim under 42 U.S.C § 1983. However, her Complaint is difficult to follow and fails to detail the specific conduct each Defendant engaged in, which if true, would potentially support viable legal claims. Brooks does not provide

3

any information about what each Defendant allegedly did to violate her constitutional rights, nor how, when or where they did so. These factors raise concerns about the Complaint's plausibility and potential frivolity. Further factual development would be necessary to assess the plausibility and merit of Brooks' claims.

## III.  CONCLUSION

The Court has screened Brooks's Complaint and determines that the current allegations fail to state a claim upon which relief may be granted. Brooks' Complaint lacks the necessary factual allegations about what each Defendant allegedly did, when they did it, how they did it, where they did it, and what damage it caused her to suffer. The Court grants Brooks leave to file an Amend Complaint to cure these deficiencies.

Accordingly, it is **HEREBY ORDERED:**

1. Brooks may file an Amended Complaint on the form to be provided by the Clerk of Court's Office. If Brooks fails to file an Amended Complaint on or before August 31, 2025, this matter will be recommended for dismissal.

2. At all times during the pendency of this action, Brooks must immediately advise the Court of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 30th day of July 2025.

/s/ John Johnston
John Johnston
United States Magistrate Judge